ALTENBERND, Acting Chief Judge.
Christopher McMahon appeals the summary denials of two postconviction motions filed pursuant to Florida Rule of Criminal Procedure 3.800. We reverse and remand for further proceedings.
Mr. McMahon was sentenced on March 30, 1998, in case numbers 96-1661 and 97-950. He received concurrent sentences of ten years’ imprisonment as a habitual of *402 fender on all charges. He claims that these sentences do not comport with the written plea agreement, are illegal, and are unconstitutional under Heggs v. State, 759 So.2d 620 (Fla.2000).
Our review of these cases has been hampered by a lack of record. Although the trial court’s orders instructed the clerk to attach the judgments and sentences to the orders, those documents were not attached. The record contains neither a written plea nor any presentence investigation.
It appears likely that the sentence in case number 96-1661 is illegal. Our record suggests that it is a habitual offender sentence for a violation of section 893.18, Florida Statutes (Supp.1996). See § 775.084(1)(a)(3), Fla. Stat. (Supp.1996); Salters v. State, 731 So.2d 791 (Fla. 2d DCA 1999). If resentencing is required in that case, the 1994 guidelines would seem to apply. See Heggs, 759 So.2d at 623.
Nothing in our record suggests that a sentence as a habitual offender in case number 97-950 would be illegal. On the other hand, Mr. McMahon claims that he entered into a written plea agreement for a guidelines sentence and that the presen-tence investigation reflects this agreement. Such a claim should be addressed under Florida Rule of Civil Procedure 3.850. Although Mr. McMahon’s motion was filed pursuant to rule 3.800(a), it would have been timely filed under rule 3.850. Because the two-year limit has expired during this proceeding, we conclude that Mr. McMahon should be given a thirty-day opportunity, on remand, to amend the motion to allege sworn grounds for relief pursuant to rule 3.850 concerning his plea agreement.
Reversed and remanded for proceedings consistent with this opinion.
WHATLEY and SALCINES, JJ., Concur.