770 So.2d 743 (2000)
Thomas MORTIMER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4388.
District Court of Appeal of Florida, Fourth District.
November 8, 2000.
*744 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Thomas Mortimer appeals from a guidelines sentence imposed pursuant to a plea agreement. He contends that the trial court erred in sentencing him pursuant to an incorrectly calculated scoresheet. We affirm the sentence, notwithstanding the scoresheet error, because it was imposed pursuant to a plea agreement and was within the sentencing guidelines range.
Appellant was charged with sexual battery on a child (familial/custodial authority)(Count I) and sexual activity with a child under the age of eighteen (Count II). Appellant entered a plea of no contest to Count II, pursuant to a plea agreement providing that Count I would be dismissed and appellant sentenced to 85 months in prison, with credit for time served, followed by three years of probation. The trial court accepted appellant's plea as freely and voluntarily made and sentenced appellant in accordance with the plea agreement.
Thereafter, appellant filed a 3.800 motion to correct his sentence. In that motion, appellant alleged, inter alia, that the guidelines scoresheet used to calculate his sentence was incorrect because it scored appellant's offense at Level 7, rather than at Level 6. Properly scored, the minimum sentence appellant could have received was approximately 70 months instead of 85 months. Appellant contended that, because the parties to the plea negotiations intended that he be sentenced to the lowest permissible guidelines sentence, and because the sentence actually imposed was the product of a scoring error and not the lowest permissible sentence for which appellant had bargained, he should be resentenced pursuant to a corrected guidelines scoresheet.
The state responded, conceding that the offense should have been scored as a Level 6 offense but arguing that the sentence imposed was within the correct guidelines range and, therefore, a lawful sentence. The trial court denied appellant's motion upon determining that appellant's sentence of 85 months imprisonment is a permissible sentence under the express terms of the plea agreement and under the guidelines.
It is well-settled that when a defendant enters a negotiated plea for a term of years, relying upon an incorrectly calculated scoresheet, such sentence is not illegal so long as it does not exceed the statutory maximum. Ivy v. State, 754 So.2d 776 (Fla. 4th DCA 2000); Gibson v. State, 619 So.2d 31 (Fla. 4th DCA 1993) and cases cited therein; Kleppinger v. State, 760 So.2d 1045 (Fla. 2d DCA 2000); Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000); Gainer v. State, 590 So.2d 1001 (Fla. 1st DCA 1991);. Because appellant entered a plea of no contest to a negotiated *745 plea bargain specifically providing for an 85 month period of incarceration, and that period does not exceed the statutory maximum, his sentence is not illegal.
Contrary to appellant's assertions, the record does not clearly demonstrate that the trial judge and parties to the plea agreement intended that appellant be sentenced to the lowest permissible guidelines sentence. The record simply reflects that appellant negotiated for an 85 month sentence, which he received.
Accordingly, we affirm appellant's sentence but remand for correction of the scoresheet to reflect a Level 6 offense. Our affirmance of appellant's sentence is without prejudice to appellant's challenge to the voluntary and intelligent character of his plea by post-conviction proceedings. See Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997).
AFFIRMED in part, and REMANDED.
POLEN, STEVENSON and TAYLOR, JJ., concur.