PER CURIAM.
Guy Pagliaro challenges an order of the Unemployment Appeals Commission (UAC) dismissing his appeal as untimely. Because there is substantial, competent evidence in the record to support the dismissal, we affirm.
Section 443.151(4)(b)(3), Florida Statutes (1999), requires that appeals be filed within twenty days of the mailing date of the referee’s order. However, when a claimant alleges facts which would excuse untimeliness and the record supports such allegations, district courts, in order to ensure due process, have reversed for an evidentiary hearing to consider the circumstances surrounding the untimely filing. See, e.g., Apolinar v. Florida Unemployment Appeals Comm’n, 710 So.2d 199 (Fla. 2d DCA 1998) (remanding for evidentiary hearing where record indicated that claimant may not have received referee’s determination).
In the present case, the referee’s decision was mailed on January 21, 2000. Mr. Pagliaro filed his notice of appeal at his local unemployment office on February 17, 2000. He contends the UAC failed to advise him of its ruling in a timely manner; however, the record indicates that he received the referee’s determination on January 25, 2000. Mr. Pagliaro has therefore failed to establish that the untimeliness of his notice of appeal was due to an error attributable to the UAC. We must therefore affirm the dismissal of his appeal.
Affirmed.
CAMPBELL, A.C.J., and GREEN and STRINGER, JJ., Concur.