773 So.2d 1174 (2000)
Kenneth MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2577.
District Court of Appeal of Florida, Second District.
November 22, 2000.
Rehearing Denied December 18, 2000.
*1175 EN BANC
BLUE, Judge.
Kenneth Murphy appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which alleged that he is entitled to relief under the supreme court's decision in Heggs v. State, 759 So.2d 620 (Fla.2000). Murphy states in his motion that on January 12, 1999, he entered into a plea agreement to be sentenced into a plea agreement to be sentenced to the bottom of the 1995 guidelines for offenses committed on May 6, 1997. Murphy claims that since the 1995 guidelines were declared unconstitutional, he should be resentenced to the bottom of the 1994 guidelines.
The trial court noted in its order denying Murphy's motion that under the 1994 guidelines, Murphy's guidelines range would be from 84.225 to 140.375 months in prison. We agree with the trial court that, as the law now stands, resentencing is not required because the 130-month prison sentence Murphy received is still within the 1994 guidelines range. See Heggs, 759 So.2d at 627. Although Murphy is not entitled to relief pursuant to Heggs, this is a case where it appears Murphy's sentence would be reduced by almost four years if he were to receive the bottom of the 1994 guidelines.
Although we affirm, it is without prejudice to Murphy filing a timely and legally sufficient motion under rule 3.850 challenging the voluntary and intelligent nature of his plea. See McMahon v. State, 25 Fla. L. Weekly D1852, ___ So.2d ___, 2000 WL 1062343 (Fla. 2d DCA Aug. 4, 2000); Kleppinger v. State, 760 So.2d 1045 (Fla. 2d DCA 2000). We certify conflict with the First District Court of Appeal. See Booker v. State, 771 So.2d 1187 (Fla. 1st DCA 2000) (holding that defendant cannot state 3.850 claim to withdraw plea based on Heggs unless the sentence would have been a departure under the 1994 guidelines).
As to the timeliness, we adopt the Fourth District's holding that an "[a]ppellant should have two years from the issuance of the supreme court's opinion in Heggs" in which to file this claim because the facts on which the claim is based could not have been known earlier. See Jenkins v. State, 771 So.2d 37, 38 (Fla. 4th DCA 2000). We recede from any suggestion to the contrary that may be found in McMahon.
Affirmed; conflict certified.
*1176 PATTERSON, C.J., and CAMPBELL, THREADGILL, PARKER, ALTENBERND, FULMER, WHATLEY, NORTHCUTT, GREEN, CASANUEVA, SALCINES, STRINGER and DAVIS, JJ., Concur.