PER CURIAM.
David E. Gallatin appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in five different trial court cases. He alleges that he is entitled to be resentenced under the supreme court’s decision in Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm because Gallatin’s motion is facially insufficient. Gallatin fails to state when his offenses occurred. See Heggs, 759 So.2d at 623. Although he states that his offenses are within the window period, Gallatin only mentions the dates of his arrests in his motion.
Gallatin claims that he should be sentenced to the bottom of the 1994 guidelines because he entered into a plea agreement wherein the trial court sentenced him to the bottom of the 1995 guidelines. Such a claim should be addressed under Florida Rule of Criminal Procedure 3.850.
Although we are affirming the trial court’s order, we note that the trial court did not attach any documents to support its findings. The trial court found that the offense date in one of Gallatin’s five cases fell outside the Heggs window but failed to attach any documentation to support this conclusion. As to the remainder of Galla-tin’s cases, the trial court found that Galla-tin was not adversely affected because his *548 sentence was not a departure under the 1994 guidelines. However, the trial court failed to attach a 1994 scoresheet to support its finding.
Accordingly, our affirmance is without prejudice to Gallatin’s refiling a facially sufficient rule 3.800(a) motion pursuant to Heggs or, alternatively, to filing a rule 3.850 motion challenging the voluntary and intelligent nature of his plea pursuant to Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (affirming without prejudice to filing a rule 3.850 motion challenging the voluntariness of the plea based upon a plea agreement wherein petitioner received the bottom of the 1995 guidelines) (en banc).
Affirmed.
FULMER, A.C.J., and GREEN and STRINGER, JJ., concur.