PER CURIAM.
John York, Jr., appeals the summary denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). He challenges his sentence based on the court’s decision in Heggs v. State, 759 So.2d 620 (Fla.2000) (declaring unconstitutional amendments to the sentencing guidelines by chapter 95-184, Laws of Florida). Unfortunately for Mr. York, the downward departure sentence he received at sentencing falls within the 1994 guidelines; thus, by the Heggs definition this sentence does not constitute an illegal sentence. We are therefore required to affirm the trial court. Our affir-mance is without prejudice to -Mr. York’s seeking relief pursuant to this court’s decision in Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000).
Although our review of the record supports the trial court’s denial of the motion, we feel obligated to point out that the order denying relief was incorrect in its assertion that the defendant’s guidelines scoresheet range was the same under both the 1994 and the 1995 guidelines score-sheets. The guidelines scoresheets attached to the order reflect a scoring range under the 1994 guidelines of 70.05 to 116.75 months’ incarceration and a range of 152 to 253.2 months’ incarceration under the 1995 guidelines.
Mr. York’s downward departure sentence of 96 months falls within the 1994 guidelines range; thus Heggs relief is unavailable. However, the distinct differences between the 1994 and the 1995 guidelines ranges may provide a basis for Mr. York to file a legally sufficient motion under rule 3.850 challenging the voluntary and intelligent nature of his plea. See Murphy, 773 So.2d 1174.
Affirmed.
PARKER, A.C.J., and BLUE and CASANUEVA, JJ., concur.