PER CURIAM.
Albert Martin challenges the trial court’s denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Martin sought Heggs[1] relief from his sentence. The trial court found that his sentence of 56.4 months, which on his 1995 scoresheet appears to be the bottom of the sentencing range, falls within the range of the 1994 scoresheet, albeit very near the top of it. We affirm.
We write only to point out that Martin’s sentence of 56.4 months appears actually to be an inadvertent downward departure. On the scoresheet used at his sentencing, the preparer mistakenly scored two level four prior offenses for battery on a law enforcement officer, each worth 2.4 points, for only 2.4 points total. Had the score-sheet been properly prepared, Martin’s low range on the guidelines would have totaled 58.2 months instead of 56.4 months. Remarkably, had he been scored and sentenced properly, his total of 58.2 months— the bottom of the 1995 guidelines — would have very nearly reached the top of the range on the 1994 scoresheet of 58.5 *594 months. We need not address how this riddle would be solved had the top of the 1994 guidelines been, for example, 58.1 months; in that case his actual sentence would fall within the range of the 1994 guidelines, but the sentence he no doubt was intended to receive — the bottom of the 1995 guidelines — would not.
Our record does not indicate whether his sentence resulted from a negotiated plea to be sentenced to the bottom of the guidelines. If this was the case, Martin may wish to evaluate the risks and explore moving to withdraw his plea based upon this court’s recent decision in Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
Affirmed.
THREADGILL, A.C.J., and GREEN and STRINGER, JJ., concur.

. Heggs v. State, 759 So.2d 620 (Fla.2000).