782 So.2d 459 (2001)
Reinaldo ENCHAUTEQUI, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4392.
District Court of Appeal of Florida, Second District.
March 16, 2001.
PER CURIAM.
Reinaldo Enchautequi appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Enchautequi claimed that his plea was involuntary following the decision in Heggs v. State, 759 So.2d 620 (Fla.2000), because he did not receive the low-end guidelines sentence that he argues was called for by his plea bargain. This is a facially sufficient claim under Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
Enchautequi received a sentence of 96 months' incarceration when his guidelines sentencing range under the 1995 guidelines was 96 to 160 months' incarceration. Enchautequi's range under the 1994 sentencing guidelines is 60.75 to 101.25 months' incarceration.
The trial court denied relief, relying on a transcript of Enchautequi's plea colloquy and on the written plea agreement. Both documents demonstrate that an agreement was reached between the parties for a sentence of 96 months. However, neither document demonstrates how the negotiations culminated in that figure nor what Enchautequi's understanding was of that agreement. Standing by itself, the fact that Enchautequi's sentence is at the bottom of the 1995 guidelines range is insufficient to establish that he has a valid claim for relief. Those documents therefore do not conclusively support or refute Enchautequi's claim that his plea was involuntary because he did not receive the benefit of his bargain.
Accordingly, we reverse and remand for further proceedings. If the trial court should again summarily deny Enchautequi's motion, it must attach those portions of the record that conclusively refute his claim.
Reversed and remanded for further proceedings.
WHATLEY, A.C.J., and NORTHCUTT and CASANUEVA, JJ., concur.