782 So.2d 486 (2001)
James E. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3390.
District Court of Appeal of Florida, Second District.
March 28, 2001.
PER CURIAM.
James E. Johnson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which alleged that he is entitled to relief under the supreme court's decision in Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm.
Johnson stated in his motion that the trial court sentenced him to ninety-five months' incarceration after he entered into a negotiated plea with the State for various *487 offenses which occurred during the months of June and July 1996. Johnson contended that since the 1995 guidelines were declared unconstitutional, he should be resentenced to the bottom of the 1994 guidelines. See Heggs, 759 So.2d 620. The trial court noted in its order summarily denying Johnson's motion that under the 1994 guidelines, Johnson's guidelines range would have been from 57.82 to 96.37 months' incarceration.
In his motion for rehearing filed in the trial court, Johnson contended he was entitled to specific performance of his plea agreement and should be resentenced to the bottom of the 1994 guidelines. Alternatively, Johnson argued he should be allowed to withdraw his plea. The trial court did not address this latter claim in denying rehearing. Instead, the trial court ruled that Heggs did not require resentencing because, as the law now stands, the prison sentence of ninety-five months that Johnson received was still within the 1994 guidelines range.
We agree with the trial court's ruling as to Johnson's Heggs claim. See Heggs, 759 So.2d at 627. However, it appears that Johnson's sentence would be reduced by over three years if he were to receive the bottom of the guidelines under the 1994 guidelines. Furthermore, the top of the 1994 guidelines is only one month longer than the sentence Johnson received. Johnson may therefore be entitled to withdraw his plea. See Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
Because Johnson failed to raise this claim in his rule 3.850 motion and raised it for the first time in his motion for rehearing, it was not properly before the trial court. We therefore affirm the trial court's order without prejudice to Johnson's right to file a rule 3.850 motion raising this claim. Any such motion raising this claim shall not be deemed successive based upon Johnson's attempt to raise it in this proceeding.
Lastly, in his initial brief to this court, Johnson makes a claim of scoresheet error that he failed to include in his motions filed in the trial court. We point out that because Johnson did not include this claim in his motions filed in the trial court, we cannot address this issue on appeal.
Affirmed.
GREEN, A.C.J., and CASANUEVA, J., and MONTEREY CAMPBELL, (Senior) Judge, concur.