FULMER, Judge.
John Dudash appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which alleged that he is entitled to be resen-tenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court denied the motion, finding that Dudash’s sentence is not a departure sentence under the 1994 sentencing guidelines. The attachments to the trial court’s order verify this finding. Consequently, Dudash was not “adversely affected” as required by Heggs to qualify for resentencing. We affirm.
Dudash asserts on appeal two issues that were not raised in the trial court. Because these issues were not before the trial court, review by this court is precluded. Dudash’s first unpreserved claim is that he was improperly classified as a sexual predator. This is not cognizable as a rule 3.800 claim. His second unpreserved claim is that he should have been sentenced using a scoresheet applicable to offenses committed in 1993 because of the date of his offense. If this is ascertainable on the face of the record, it is a viable rule 3.800(a) claim, and may be raised in a subsequent motion.
Finally, in his motion, Dudash alleged that he pleaded with the understanding that he would be sentenced to the bottom of the guidelines. If this statement is accurate, Dudash may be entitled to relief under a rule 3.850 claim pursuant to Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
Affirmed.
BLUE, A.C.J., and SILBERMAN, J., concur.