787 So.2d 139 (2001)
James SIDELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4731.
District Court of Appeal of Florida, Second District.
April 27, 2001.
*140 BLUE, Judge.
James Sidell timely appeals the summary denial of his motion for postconviction relief. We affirm.
Sidell pleaded guilty to four counts of aggravated assault, false imprisonment, fleeing and eluding, resisting arrest without violence, and battery. As part of a negotiated plea, Sidell agreed to a sentence of 181.2 months in prison, which was the middle of the 1995 guidelines, and the State agreed to reduce a kidnapping charge to false imprisonment. In his postconviction motion, Sidell alleged that he was entitled to be resentenced pursuant to the supreme court's opinion in Heggs v. State, 759 So.2d 620 (Fla.2000) (declaring 1995 sentencing guidelines unconstitutional for single-subject violation), because his sentence constituted a departure under the 1994 guidelines. Although Sidell cited Florida Rule of Criminal Procedure 3.850, his motion only sought sentence correction.
After considering a 1994 scoresheet prepared by the State, the trial court found that Sidell's sentence under the 1995 sentencing guidelines "exceeded the permitted range" under the 1994 guidelines, thus entitling Sidell to relief. The trial court denied relief, however, because Sidell's sentence was the result of a negotiated plea.
Sidell would be entitled to Heggs relief because his sentence constitutes a departure under the 1994 guidelines. This relief is not automatic, however, because the State gave up something as part of the plea agreement. "If the plea agreement is not binding upon the defendant, then it is not binding upon the state." Jolly v. State, 392 So.2d 54, 56 (Fla. 5th DCA 1981). See also Gibson v. State, 772 So.2d 35 (Fla. 2d DCA 2000) (reversing improper prison releasee reoffender sentence on direct appeal but remanding for State to have option of requiring plea withdrawal or seeking resentencing only).
[D]ue to the fact that a post-conviction motion may be raised and ruled upon years after imposition, the state may no longer have the witnesses and other evidence necessary to pursue a trial after a defendant successfully has his judgment and sentence vacated. Therefore, in a situation involving a reduction of sentence in contravention of the plea bargain, the state should be given the option of either agreeing that both the judgment and sentence should be vacated and taking the defendant to trial on all original charges, or agreeing that only the excessive sentence should be vacated, while having the judgment stand and allowing the defendant to be resentenced in accordance with the principles enunciated in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *141 Jolly, 392 So.2d at 56 (parallel citations omitted).
Because Sidell did not ask to withdraw his plea, we affirm the denial of his motion to correct sentence. This affirmance is without prejudice to Sidell's right to file an appropriate motion under rule 3.850 to withdraw his plea. If he does, in accordance with Jolly, the trial court shall give the State the option of accepting a sentence that does not constitute a departure under the 1994 guidelines or requiring the withdrawal of the plea. If the plea agreement is abrogated, Sidell may face the original charges. See Geiger v. State, 532 So.2d 1298 (Fla. 2d DCA 1988). Sidell has two years from the date of the Heggs decision to raise this claim. See Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
Affirmed.
PATTERSON, C.J., and FULMER, J., concur.