CASANUEVA, Judge.
Rafael Soto timely appeals the summary denial of his motion to correct sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Soto seeks resentenc-ing under Heggs v. State, 759 So.2d 620 (Fla.2000). Soto’s sentence, however, was the result of a negotiated plea where the State agreed to lesser included charges and nolle prossed certain charges. Therefore, in order to seek Heggs relief, he must file a motion under rule 3.850. See Vidak v. State, 26 Fla. L. Weekly D928, — So.2d —, 2001 WL 320980 (Fla. 2d DCA Apr.4, 2001). Accordingly, we affirm.
If Soto’s sentence does not constitute a departure under the 1994 guidelines, Soto would not be entitled to resentencing but may be able to challenge the voluntary nature of his plea. See Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc). If his sentence does constitute a departure under the 1994 guidelines, he would not be entitled to automatic resentencing. See Sidell v. State, 787 So.2d 139 (Fla. 2d DCA 2001). Instead, “the state should be given the option of either agreeing that both the judgment and sentence should be vacated and taking the defendant to trial on all original charges, or agreeing that only the excessive sentence should be vacated ... and allowing the defendant to be resentenced....” Id. (quoting Jolly v. State, 392 So.2d 54, 56 (Fla. 5th DCA 1981) (allowing State the option because it may no longer have the evidence or witnesses necessary to try the case)).
Affirmed.
BLUE, A.C.J., and GREEN, J., concur.