794 So.2d 731 (2001)
Douglas FOSTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-2109.
District Court of Appeal of Florida, Third District.
September 19, 2001.
*732 Gonzalo Alberto Gayoso, Miami, for appellant.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE and GERSTEN, JJ., and NESBITT, Senior Judge.
COPE, J.
Douglas Foster appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.
In May, 1996, defendant-appellant Foster pled no contest to one count of lewd assault in violation of section 800.04, Florida Statutes (1995). Defendant entered his plea as a plea of convenience while maintaining his innocence. After a thorough plea colloquy, the court accepted the plea. Pursuant to the terms of a plea bargain, defendant was sentenced to five years probation with several special conditions relating to treatment and staying away from schools.
At the time of the plea, a sentencing guidelines scoresheet had been prepared under the 1995 sentencing guidelines. This showed a sentencing range from twenty-six to forty-two prison months. Thus, the probationary term imposed on defendant was a downward departure sentence.
Defendant filed a motion for postconviction relief based on the decision in Heggs v. State, 759 So.2d 620 (Fla.2000). Defendant is in the window period during which the 1995 sentencing guidelines were unconstitutional.[1]
Defendant states that under the 1994 guidelines, the sentencing range would have been twelve to twenty months in prison. He alleges that if he had been given a correctly calculated 1994 scoresheet, he would not have entered into the plea bargain, but instead would have gone to trial. He asserts that by virtue of the 1995 guidelines scoresheet, his plea was involuntary. He relies on Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000), and Mortimer v. State, 770 So.2d 743 (Fla. 4th DCA 2000), for the proposition that he is entitled to a hearing at which he can seek to challenge the voluntary and intelligent nature of his plea.
We believe that this claim is foreclosed by Heggs itself. The Florida Supreme Court said in Heggs:
We realize that our decision here will require, among other things, the resentencing of a number of persons who were sentenced under the 1995 guidelines, as amended by chapter 95-184. However, only those persons adversely affected by the amendments made by chapter 95-184 may rely on our decision here to obtain relief. Stated another way, in the sentencing guidelines context, we determine that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), *733 then that person shall not be entitled to relief under our decision here.
759 So.2d at 627 (citations omitted).[2] In the present case, the defendant's downward departure sentence was permissible under both the 1994 and 1995 guidelines.
Simply put, defendant is not within the group of persons entitled to postconviction relief under Heggs. We have previously held that Heggs itself defines who is entitled to relief. Mullins v. State, 773 So.2d 1240 (Fla. 3d DCA 2000).[3] We agree with Booker v. State, 771 So.2d 1187 (Fla. 1st DCA 2000), review granted, No. SC00-2693, 791 So.2d 1095 (Fla. June 15, 2001), on this point. We certify direct conflict with Murphy and Mortimer.
Affirmed; direct conflict certified.
NOTES
[1] The crime date was October 9, 1995.
[2] The "departure" reference in the Heggs quotation refers to an upward departure.
[3] Since Heggs is controlling, the defendant's reliance on Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997), a non-Heggs case, is misplaced.