DAVIS, Judge.
Greg Phillips appeals the trial court’s summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Phillips pleaded no contest to aggravated battery with a deadly weapon and possession of a firearm by a convicted felon in exchange for a negotiated sentence of 88.5 months in prison. Phillips’ offenses occurred within the window provided in Heggs v. State, 759 So.2d 620 (Fla.2000). Phillips alleges that at the time he pleaded, it was his understanding that the sentence he negotiated for corresponded to the bottom of the guidelines. Phillips’ sentence, however, is greater than the bottom of the 1994 sentencing guidelines. Phillips now alleges that he should be permitted to withdraw his pleas as involuntary.[1]
The trial court denied Phillips’ motion because it found that neither the signed plea agreement nor the transcript of the plea hearing indicated that Phillips would be sentenced to the bottom of the sentencing guidelines. We reverse.
Phillips has raised a facially sufficient claim for postconviction relief. See Enchautequi v. State, 782 So.2d 459 (Fla. 2d DCA 2001). The trial court attached copies of the plea agreement, the plea hearing transcript, and the 1994 and 1995 score-sheets. These documents showed that, pursuant to his plea agreement, Phillips was sentenced to 88.5 months in prison, which was the bottom of the 1995 sentencing guidelines range. None of the trial court’s attachments, however, show how the negotiations arrived at 88.5 months’ imprisonment or what Phillips’ understanding was of the plea agreement. The record attachments therefore do not conclusively refute Phillips’ claims as to his understanding of the plea agreement. See id. Accordingly, we reverse and remand for an evidentiary hearing.
Reversed and remanded.
THREADGILL, A.C.J., and STRINGER, J„ Concur.

. Phillips also claims that he is entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Phillips is not entitled to resentencing because his sentence could have been imposed under the 1994 guidelines without a departure. See Heggs, 759 So.2d at 627.