THREADGILL, Acting Chief Judge.
Carol Pilgrom appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Pilgrom pleaded guilty to manslaughter in exchange for a negotiated sentence. She now alleges that she is entitled to withdraw her plea pursuant to Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000). We reverse and remand this claim for an evidentiary hearing. We af *618 firm as to Pilgrom’s other claims without comment.
Pilgrom pleaded no contest to an offense that occurred during the Heggs[1] window and was sentenced to an agreed upon disposition of fifteen years’ prison. Pilgrom alleges that she agreed to this sentence because it was within the 1995 guidelines. The sentence however exceeds that permitted under the 1994 guidelines, and Pil-grom asserts that she would not have knowingly pleaded to an above guidelines sentence. She has thus made a facially sufficient claim that her plea was involuntary. See Enchautequi v. State, 782 So.2d 459 (Fla. 2d DCA 2001); Buckingham v. State, 771 So.2d 1206 (Fla. 2d DCA 2000).
The trial court denied the claim finding that it was refuted by the record. The trial court relied on the written plea agreement and the transcript of the plea colloquy which indicate only that the agreed upon sentence was fifteen years’ prison and make no reference to the guidelines. We cannot agree that these documents refute Pilgrom’s sworn claim. “Neither document demonstrates how the negotiations culminated in that figure nor what [the defendant’s] understanding was of the agreement.” Enchautequi, 782 So.2d at 459. If Pilgrom can demonstrate that she agreed to the sentence based on her understanding that it was within the guidelines, then she will be entitled to withdraw her plea.
Affirmed in part; reversed in part; and remanded for an evidentiary hearing.
PARKER and WHATLEY, JJ., Concur.

. Heggs v. State, 759 So.2d 620 (Fla.2000).