CASANUEVA, Judge.
Jeffery W. Yurchis challenges the order of the trial court denying his motion for postconviction relief filed pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850. Yurchis’ motion contains four grounds for relief. We affirm two of the grounds without comment, but we reverse that portion of the order denying the remaining two grounds and remand for further proceedings on those claims.
Yurchis pleaded to five counts of a six-count information and was sentenced to prison followed by probation. Yurchis was sentenced to the bottom of the version *1097 of the 1995 sentencing guidelines that was later determined to be unconstitutional by Heggs v. State, 759 So.2d 620 (Fla.2000). He raises a claim, pursuant to Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000), that his pleas were involuntary because he was not sentenced to the bottom of the sentencing guidelines range as called for by the plea bargain. Yurchis alleged that he would not have pleaded if he had known the correct range under the sentencing guidelines, and he has presented a facially sufficient claim for relief.[1] The trial court denied this claim, finding that Yurchis had agreed to plead to a sentence that was determined to be legal under the 1994 sentencing guidelines. However, even though that is the case, Yurchis is still entitled to move to withdraw his plea pursuant to Murphy. See Enchautequi v. State, 782 So.2d 459 (Fla. 2d DCA 2001). We, therefore, reverse the denial of this claim and remand for further proceedings.
Yurchis also alleged that his score-sheet was improperly calculated, because a 1975 conviction was scored as prior record when he had no prior convictions for the ten years since his release from the 1975 sentence and the date of the commission of the present offenses. This ground in the motion is based on Florida Rule of Criminal Procedure 3.701(d)(5)(F) and is cognizable in both a rule 3.800(a) and a rule 3.850 motion. See Atwood v. State, 765 So.2d 242 (Fla. 1st DCA 2000). The trial court denied the claim, finding that Yur-chis had a 1992 conviction. However, it failed to provide any record attachments in support of the finding. We reverse the denial of this claim. On remand, the trial court shall attach those portions of the record that conclusively refute the claim or conduct an evidentiary hearing. See id.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and STRINGER, J., Concur.

. A defendant who claims that his plea is involuntary because he was provided incorrect information regarding his sentence must allege that he would not have pleaded but for the misadvice. See Green v. State, 777 So.2d 433 (Fla. 2d DCA 2000); State v. Taylor, 738 So.2d 988 (Fla. 2d DCA 1999).