801 So.2d 207 (2001)
James C. HOAG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1621.
District Court of Appeal of Florida, Second District.
December 5, 2001.
*208 WHATLEY, Acting Chief Judge.
James C. Hoag appeals the summary denial of his motions for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's order regarding Hoag's claims that the trial court failed to adjudicate him guilty of his offenses and that his plea was involuntary because the trial court did not perform a complete plea colloquy. We reverse Hoag's remaining claim.
Hoag pleaded guilty to two offenses that occurred during the Heggs[1] window in exchange for a negotiated sentence. He alleges that the plea agreement called for a sentence at the middle of the 1995 guidelines and that the sentence at the median of the 1994 guidelines would have been substantially lower. Hoag argues that his plea was therefore involuntary. We agree.
We first note that Hoag's claim is facially sufficient in that he has alleged that his plea agreement was predicated on a guidelines sentence. See Bell v. State, 795 So.2d 1140 (Fla. 1st DCA 2001). Nor is the claim refuted by the record. In fact, the transcript attached by the trial court to refute the claim actually verifies that the plea agreement called for the median guidelines sentence. We therefore reverse and remand for the trial court to either resentence Hoag to the median of the 1994 guidelines if the State agrees or, if the State does not agree, to allow Hoag to withdraw his pleas. See Sidell v. State, 787 So.2d 139 (Fla. 2d DCA 2001). If Hoag withdraws his pleas, the State may, of course, proceed to trial on the original charges. See id.
Affirmed in part, reversed in part, and remanded.
GREEN and DAVIS, JJ., Concur.
NOTES
[1] See Heggs v. State, 759 So.2d 620 (Fla.2000).