STRINGER, Judge.
The State challenges the trial court’s resentencing of Deandre Berry after he filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Berry alleged that he was entitled to resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The State contends that Berry was not entitled to resentencing because his sentence was not a departure sentence under the 1994 guidelines. We agree and reverse.
In Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc), this court held that a defendant whose sentence under the 1995 guidelines would not have been a departure sentence under the 1994 guidelines is not entitled to resentencing under Heggs. Id. at 1175. Berry concedes that his sentence would not have been a departure sentence under the 1994 guidelines. Accordingly, Berry was not entitled to re-sentencing under Heggs.
The record in this case reflects that Berry entered his plea pursuant to an agreement with the trial court that he would receive a sentence at the bottom of the 1995 guidelines. It appears that Berry’s sentence would be substantially reduced if he were sentenced to the bottom of the 1994 guidelines. Although we reverse, it is without prejudice to any right Berry may have to file a rule 3.850 motion challenging the voluntary and intelligent nature of his plea. See Murphy, 773 So.2d at 1175 (holding that defendant could state a claim to withdraw plea based on Heggs by challenging the voluntary and intelligent nature of his plea). Berry has two years from the date Heggs was issued to file a rule 3.850 motion. See id.
Accordingly, we reverse Berry’s sentence and remand" for the trial court to reimpose his original sentence.
Reversed and remanded.
FULMER and SALCINES, JJ., Concur.