DAVIS, Judge.
Vertresa Lynn Griner appeals the summary denial of her postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Griner was originally sentenced pursuant to a negotiated plea to 8.7 years’ incarceration under the 1995 guidelines that were determined to be unconstitutional by Heggs v. State, 759 So.2d 620 (Fla.2000). She claims that she entered into this plea, relying on her attorney’s promises that the sentence was at the bottom of the guidelines. She has since been resentenced under the 1994 guidelines but claims that she is entitled to withdraw her plea because her new sentence is not at the bottom of those guidelines.[1] This claim is facially sufficient under Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
The trial court denied the claim, finding that it was refuted by the record. The trial court concluded that Griner was not entitled to relief because she entered into a plea for a specific term of years, rather than for a sentence at the bottom of the guidelines. The record attached by the trial court to its order, however, does not conclusively refute Griner’s claim that she bargained for and believed that she received a bottom of the guidelines sentence. See Enchautequi v. State, 782 So.2d 459 (Fla. 2d DCA 2001).
Accordingly, we reverse the denial of this claim. On remand, if the trial court again summarily denies this claim, then it *264 must attach those portions of the record that conclusively refute it.
Reversed and remanded.
GREEN and KELLY, JJ., Concur.

. Griner was resentenced to 7.6 years' incarceration. Because her original sentence was pursuant to a negotiated plea, she was not entitled to automatic resentencing. See Sidell v. State, 787 So.2d 139 (Fla. 2d DCA 2001). It is unclear whether the State agreed to the resentencing or whether the resentencing was done in error. The order granting resentenc-ing is not under appeal.