816 So.2d 191 (2002)
Gary RAMBO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1329.
District Court of Appeal of Florida, Second District.
May 3, 2002.
*192 PER CURIAM.
Gary Rambo appeals from the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's order without prejudice to Rambo's right to file, within thirty days of this court's mandate, a facially sufficient rule 3.850 motion to withdraw his plea.
In Rambo v. State, 805 So.2d 829 (Fla. 2d DCA 2001), this court affirmed the denial of Rambo's motion to correct illegal sentence under rule 3.800 without prejudice to any right Rambo may have had to file a motion to withdraw his plea pursuant to rule 3.850 and Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc). As a result, Rambo filed the current rule 3.850 motion. In this motion, Rambo alleges that his sentence of 120 months in prison, a sentence at the low end of the 1995 guidelines, is illegal pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Rambo contends that he should be resentenced to a low-end sentence under the 1994 guidelines of 92.85 months because his plea agreement called for a low-end guidelines sentence.
Rambo does not, however, seek to withdraw his plea pursuant to Murphy. Therefore, the trial court did not err in denying his motion. Accordingly, we affirm the trial court's order without prejudice to Rambo's right to file, within thirty days of the date of this court's mandate, a facially sufficient rule 3.850 motion seeking to withdraw his plea. We caution Rambo, however, that if he files a sufficient motion to withdraw his plea, the State will have the option of accepting a sentence at the low end of the 1994 guidelines or bringing him to trial on the original charges. See Hoag v. State, 801 So.2d 207 (Fla. 2d DCA 2001); Sidell v. State, 787 So.2d 139 (Fla. 2d DCA 2001). If Rambo is convicted after a trial on the original charges, he may receive a sentence that is significantly longer than the 120 month sentence he is serving presently.
In addition, Rambo alluded to gain time in his motion for postconviction relief. In Rambo, this court also affirmed without prejudice to "any right Rambo might have to file a petition for writ of mandamus seeking review of the Department of Correction's denial of gain time in the circuit court in the county where he is incarcerated pursuant to Newsome v. Singletary, 637 So.2d 9 (Fla. 2d DCA 1994)." 805 So.2d at 829. The record reflects that at the time Rambo filed his motion in Hillsborough County, he was incarcerated at the Polk Correctional Institution/Work Camp in Polk County, Florida. Thus, the circuit court in Hillsborough County properly denied his motion for postconviction relief.
Affirmed.
PARKER, SALCINES, and STRINGER, JJ., Concur.