826 So.2d 410 (2002)
Robert GONZALEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3588.
District Court of Appeal of Florida, Second District.
July 26, 2002.
Robert Gonzalez, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
*411 STRINGER, Judge.
Robert Gonzalez challenges the denial of his Florida Rule of Criminal Procedure 3.850 motion. In his motion, Gonzalez sought to withdraw his plea and alleged that his plea was involuntary due to his reliance on the 1995 sentencing guidelines which were held invalid by the supreme court in Heggs v. State, 759 So.2d 620 (Fla.2000). We reverse and remand for further proceedings.
Gonzalez pleaded nolo contendere in several cases to one count of dealing in stolen property and multiple counts of burglary and grand theft in exchange for a sentence capped at fifteen years in prison and ten years of probation. Gonzalez's 1995 guidelines range was 26.11 years to 43.52 years in prison. The trial court sentenced Gonzalez to fifteen years for the second-degree felonies and five years concurrent on the third-degree felonies. After the supreme court issued its ruling in Heggs, Gonzalez filed a motion for postconviction relief seeking to be resentenced or to withdraw his plea.
Gonzalez's original 3.850 motion was summarily denied by the trial court as untimely. However, this court reversed the summary denial and remanded the case for the trial court to address the motion on its merits. Gonzalez v. State, 783 So.2d 1107 (Fla. 2d DCA 2001). At the evidentiary hearing upon remand, Gonzalez testified that he entered his plea with the understanding that he was to receive a downward departure sentence capped at fifteen years in prison. Gonzalez further testified that he would not have entered his plea had he known that his 1994 sentencing guidelines range was 9.4 to 15.6 years. The trial court concluded that Gonzalez pleaded to a term of years that was not dependent upon the guidelines, and thus, he was not entitled to withdraw his plea. We disagree.
The record reflects that Gonzalez entered his plea with the understanding that he would receive a downward departure sentence capped at fifteen years in prison. There was no evidence in the record to refute Gonzalez's claim. Accordingly, the trial court abused its discretion in this case.
We therefore reverse and remand for the trial court to allow Gonzalez to withdraw his plea. See Yurchis v. State, 799 So.2d 1096 (Fla. 2d DCA 2001) (holding that defendant was entitled to withdraw his plea where he alleged that he would not have entered his plea had he known his correct range under the sentencing guidelines); see also Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000). We certify conflict with Booker v. State, 771 So.2d 1187 (Fla. 1st DCA 2000), review dismissed, 804 So.2d 328 (Fla.2001).
Reversed and remanded for further proceedings.
SALCINES and SILBERMAN, JJ., Concur.