NORTHCUTT, Judge.
Kenneth Jones filed a motion under Florida Rule of Criminal Procedure 3.850 claiming his plea in two circuit court cases, CF97-001993 and CF96-05814, was involuntary and seeking to withdraw it. The circuit court denied his motion without conducting an evidentiary hearing. We reverse.
Jones entered into a plea agreement to resolve a violation of probation in the 1996 ease and new law violations in the 1997 case. The agreement called for a sentence at the bottom of the 1995 guidelines range, which the court imposed at his sentencing hearing. But the 1995 guidelines were later declared unconstitutional, Heggs v. State, 759 So.2d 620 (Fla.2000), and Jones’s crimes were committed within the window period for challenging those guidelines, Trapp v. State, 760 So.2d 924 (Fla.2000).
In this district, a defendant who entered into a plea agreement for a sentence based on the unconstitutional 1995 guidelines may seek to withdraw his plea by a rule 3.850 motion if he claims he would not have pleaded guilty or nolo contendere had he known what his correct scoresheet total would have been. Murphy v. State, 773 So.2d 1174, 1175 (Fla. 2d DCA 2000) (en banc); Kleppinger v. State, 760 So.2d 1045, 1046 (Fla. 2d DCA 2000). The State correctly concedes that the circuit court should have conducted an evidentiary hearing on Jones’s motion. We reverse and remand for such a hearing. The court must determine, under Kleppinger and Murphy, whether Jones’s plea was voluntary. If the court finds it was not, the State will have the option of accepting a sentence at the low end of the 1994 guidelines or bringing Jones to trial on the original charges. See Rambo v. State, 816 So.2d 191 (Fla. 2d DCA 2002); Hoag v. State, 801 So.2d 207 (Fla. 2d DCA 2001).
Reversed and remanded.
FULMER and STRINGER, JJ., Concur.