838 So.2d 687 (2003)
Marc Jean PAUL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2664.
District Court of Appeal of Florida, Third District.
March 5, 2003.
*688 Marc Jean Paul, in proper person.
Charlie Crist, Attorney General, Marni A. Bryson, Assistant Attorney General, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
PER CURIAM.
Marc Jean Paul appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm and certify direct conflict.
Defendant-appellant Paul entered into a plea bargain whereby he was sentenced to eighteen years incarceration with a nine-year minimum mandatory term, to resolve four pending cases. At the time of the plea negotiation, his scoresheet was prepared under the 1995 guidelines. The defendant's guidelines range was from twenty-six years to forty-three years, eight months. Thus, the plea bargain was for a below guidelines sentence.
Subsequently the Florida Supreme Court announced Heggs v. State, 759 So.2d 620 (Fla.2000), which found the 1995 sentencing guidelines unconstitutional for crimes committed on or after October 1, 1995 and before May 24, 1997. Trapp v. State, 760 So.2d 924 (Fla.2000). The defendant's crimes are within the window period.
The defendant states that his plea was involuntary, because he relied on the unconstitutional 1995 guidelines in his negotiation. The defendant alleges that under the 1994 sentencing guidelines, his sentence would have been a maximum of 16.3 years. He contends that he based his plea on misinformation and that the plea is involuntary.
This court has held that a defendant is not entitled to relief under Heggs on an involuntariness theory. Foster v. State, 794 So.2d 731 (Fla. 3d DCA 2001). As we did in Foster, we certify direct conflict with Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000), and Mortimer v. State, 770 So.2d 743 (Fla. 4th DCA 2000).
Affirmed; conflict certified.