STRINGER, Judge.
George Smith appeals the trial court’s denial of his amended motion to withdraw plea and his motion to correct illegal sentence or withdraw plea filed in cases 96-18201, 97-6973, 97-12308, and 00-6893, consolidated on appeal. We affirm the denial of both motions and write only as to Smith’s motion to correct illegal sentence or withdraw plea filed pursuant to Florida Rule of Criminal Procedure 3.800(b).
In his rule 3.800(b) motion, Smith alleged that he is entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000). In Heggs, the supreme court declared unconstitutional chapter 95-180, Laws of Florida, enacting the changes that resulted in the 1995 sentencing guidelines. Under the unconstitutional 1995 guidelines, Smith’s counsel advised him that he was facing a minimum of 123.6 months and a maximum of 206 months in state prison. Smith entered into a negotiated plea agreement resulting in a sentence of 108 months in prison, followed by six years of probation.
The State has correctly conceded that cases 96-18201, 97-6973, and 97-12308 were improperly scored using a 1995 scoresheet and should have been scored using a 1994 scoresheet. However, because Smith’s 108-month sentence could have been legally imposed under the 1994 guidelines, Smith is not entitled to be re-sentenced. Heggs, 759 So.2d at 627; Dunbar v. State, 787 So.2d 240 (Fla. 2d DCA 2001).
Accordingly, we affirm the denial of Smith’s motion to correct illegal sentence or withdraw plea. However, this affir-mance is without prejudice to any right Smith may have to file a rule 3.850 motion challenging the voluntary and intelligent nature of his plea. Fla. R.Crim. P. 3.850; see Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000).
Affirmed.
WALLACE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.