SILBERMAN, Judge.
Joseph R. Ganey, Jr., pro se, appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Ganey argues that his no contest plea was not knowingly and voluntarily entered because it was based on incorrect information as to his sentencing guidelines range. We agree and reverse.
In December 1997 Ganey pleaded no contest to charges of DUI manslaughter (count I) and DUI with property damage or personal injury (count II). The sentencing guidelines scoresheet showed a sentencing range of 11.5 to 19.2 years’ imprisonment. Ganey entered his plea without an agreement as to the sentence, but he sought to have the trial court depart downward from the guidelines sentencing range. The sentencing judge[1] observed that Ganey was genuine in his remorse and that society did not need protection from Ganey, but the judge stated that under the law he felt bound to impose a guidelines sentence. The judge sentenced Ganey to 11.5 years’ imprisonment followed by three years’ probation on count I and time served on count II.
Ganey later filed a motion to correct illegal sentence. He claimed that he was entitled to be resentenced because his original sentence was pursuant to the 1995 sentencing guidelines, which had been held unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000). Although the trial court noted that Ganey’s scoresheet under the 1994 sentencing guidelines called for a sentence of 7.8 to 13 years’ imprisonment, the court denied Ganey’s motion because he could have received the same sentence under the 1994 guidelines. The court stated that the denial was without prejudice to Ganey’s seeking relief by challenging the voluntary and intelligent nature of his plea under rule 3.850 and pursuant to Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000).[2]
Ganey then filed a rule 3.850 motion and claimed that he had not knowingly and voluntarily entered his plea because he entered it based on his belief that the 1995 sentencing guidelines applied. He alleged that he would not have entered the plea and that he would have proceeded to trial had he known the true, more favorable, sentencing range under the 1994 guidelines. The trial court determined that Ga-ney stated a facially sufficient claim for relief and ordered an evidentiary hearing.
Chris Pratt, Ganey’s trial counsel at the time of the plea, and Ganey testified at the hearing. Pratt testified that he told Ga- *447 ney he did not think they had a strong defense case and that Ganey “might want to seriously consider entering a plea.” He added that Ganey understood “it would be a tough case at trial.” At the time, Pratt was unaware of a challenge to the 1995 sentencing guidelines and, as a result, he did not mention that to Ganey. Pratt and Ganey discussed the State’s plea offer of 14 years’ imprisonment, and Pratt advised Ganey that the guidelines range was approximately 11 to 19 years. Pratt told Ganey that if he went to trial, there was a good chance that he would receive a sentence in the upper end of the guidelines. Pratt also advised Ganey that if he entered a plea, there would be a sentencing hearing and they could ask the trial court to go to the bottom of the guidelines or even deviate below the guidelines. Pratt stated that he did not know whether Ganey would have pleaded had Ganey known that the 1995 guidelines would be held unconstitutional.
Ganey testified and acknowledged that Pratt told him the facts of the case were against him. Ganey was aware of the sentencing range under the 1995 guidelines, including the maximum sentence that could be imposed. He knew that if he went to trial and lost, he could have received a 19 year sentence. He decided to enter the plea based on counsel’s advice that by doing so, he was likely to get a downward departure sentence. For the same reason, he did not accept the State’s offer of 14 years’ imprisonment. Ganey specifically testified that had he known that a top-of-the-guidelines sentence under the 1994 guidelines was 13 years, he would not have entered his plea but would have gone to trial. He explained that while he had not been willing to risk getting a 19 year sentence by going to trial, he would have been willing to risk going to trial had he known that his exposure was only 13 years’ imprisonment.
Following the evidentiary hearing, the trial court entered its order denying Ganey’s motion. The trial court concluded that even if Ganey had been aware of a lower potential prison sentence under the 1994 guidelines, he still would have entered the plea. Based on the specific circumstances present here, particularly Ga-ney’s unrefuted testimony that he would not have entered his plea had he known that he was facing a maximum sentence of 13 years’ imprisonment under the 1994 guidelines as compared to 19 years’ imprisonment under the 1995 guidelines, we reverse.
A defendant who enters into a plea under a mistake or misapprehension about sentencing possibilities should be permitted to withdraw his plea. See Johnson v. State, 834 So.2d 384 (Fla. 2d DCA 2003) (concluding that a defendant should have been permitted to withdraw his plea when the plea was entered under the mistaken belief or misapprehension that the trial court could impose a sentence less than mandatory life imprisonment). Neither the trial court nor the parties were aware of the correct sentencing range at the time of Ganey’s plea. Moreover, although the trial court believed that Ganey’s decision to enter the plea was based on the unfavorable facts of the case rather than the potential prison exposure, Ganey’s testimony that he would not have entered the plea had he known the correct sentencing range was unrefuted. See Gonzalez v. State, 826 So.2d 410, 411 (Fla. 2d DCA 2002). Thus, we conclude that the trial court should have allowed Ganey to withdraw his plea.
Because Ganey established that his plea was not knowing and voluntary, we reverse the denial of Ganey’s motion and *448 direct the trial court, on remand, to permit Ganey to withdraw his plea.
Reversed and remanded.
FULMER and COVINGTON, JJ., concur.

. One judge took Ganey's plea and sentenced him. The same judge considered his motion to correct illegal sentence. A different judge considered Ganey’s rule 3.850 motion that is the subject of this appeal.

. We note that the First, Third, and Fifth Districts have certified conflict or disagreed with Murphy. See Paul v. State, 838 So.2d 687 (Fla. 3d DCA 2003); Coppola v. State, 795 So.2d 258 (Fla. 5th DCA 2001); Foster v. State, 794 So.2d 731 (Fla. 3d DCA 2001); Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001). The Florida Supreme Court has not yet addressed the conflict.