882 So.2d 1047 (2004)
James Everett WALDROP, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3490.
District Court of Appeal of Florida, First District.
August 19, 2004.
*1048 Nancy A. Daniels, Public Defender; A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this direct criminal appeal, appellant seeks review of an order denying his motion to withdraw his plea. Because it is apparent from the record that appellant entered his plea based upon erroneous information given to him by his attorney, we reverse.
At the hearing on the motion to withdraw the plea, appellant's attorney testified that, prior to the plea, he misinformed appellant that a withhold of adjudication of guilt, probation, and no sex-offender registration were possibilities at sentencing. The plea colloquy corroborated this insofar as the attorney confirmed with appellant that the trial court could withhold adjudication and order probation if it chose to do so. The attorney further testified that the plea strategy was premised on having the opportunity to convince the trial court to withhold adjudication and place appellant on probation without requiring sex-offender registration. However, the attorney conceded that had he known that appellant's scoresheet called for a minimum term of incarceration, he would have pursued a different strategy because it would have been fruitless to argue for a withhold of adjudication. According to the attorney, appellant entered his plea based on a false assumption. "A defendant who enters into a plea under a mistake or misapprehension about sentencing possibilities should be permitted to withdraw his plea." Ganey v. State, 873 So.2d 445, 447 (Fla. 2d DCA 2004). Accord Johnson v. State, 834 So.2d 384 (Fla. 2d DCA 2003).
The record demonstrates that "a manifest injustice" would occur were appellant not permitted to withdraw his plea. See Fla. R.Crim. P. 3.170(l). Accordingly, the trial court abused its discretion when it denied appellant's motion to withdraw his plea. The order denying that motion is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
WOLF, C.J., BARFIELD and WEBSTER, JJ., concur.