ALTENBERND, Chief Judge.
Pedro Aguirre-Garcia appeals his judgments and sentences for battery, stalking after injunction, and criminal mischief, arguing that after sentencing he should have been permitted to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(i). Because we conclude that he was entitled to withdraw his plea, we reverse.
Prior to September 15, 2002, Mr. Aguirre-Garcia’s former wife had obtained a domestic violence injunction against him. On that date, Mr. Aguirre-Garcia had a dispute with his former wife during which he confronted her when she left her place *207 of employment and rammed the bumper of his car into the bumper of her car. This caused minor damage to each vehicle but did not result in any bodily injuries.
As a result of this incident and prior stalking allegations, the State charged Mr. Aguirre-Garcia with aggravated battery with a deadly weapon,[1] stalking after injunction,[2] and criminal mischief.[3] Mr. Aguirre-Garcia’s attorney believed that the stalking charge, which would involve evidence of events prior to September 15, 2002, would prejudice his client’s defense on the aggravated battery charge, which arose from the collision between the two autos. He moved unsuccessfully to sever the charge of stalking from the information. When that failed, Mr. Aguirre-Garcia’s attorney presented him with an alternative defense strategy that seemed quite sensible. His lawyer explained that the aggravated battery charge was the most defensible charge and also the offense that created the risk of a long prison sentence. The lawyer encouraged his client to enter an open plea to the charges of criminal mischief and stalking, and limit the trial to the charge of aggravated battery. His lawyer explained that a successful defense on the aggravated battery charge would result in a scoresheet that would permit a nonstate prison sanction. He advised his client that if they were successful in the strategy, a prison term would not be mandatory. Although he did advise his client that a seven-year prison sentence was a legal possibility, Mr. Aguirre-Garcia has limited English abilities and it is clear that he was given the impression that this strategy was very likely to result in a nonprison sanction.
Mr. Aguirre-Garcia followed his attorney’s advice. The trial court accepted his plea and sentencing was deferred pending trial on the remaining charge. Thereafter, his lawyer was successful at the trial strategy and the jury returned a verdict for the lesser offense of simple battery.
Unfortunately, Mr. Aguirre-Garcia’s lawyer was a better trial lawyer than mathematician. When the scoresheet was calculated for the three offenses before the court, it totaled 57.2 points, which is more than the 44 points that allows a nonstate prison sanction.[4] Thus, absent a special reason for a downward departure, the scoresheet required a prison sanction. At the sentencing hearing, Mr. Aguirre-Garcia’s lawyer immediately informed the trial judge that he had made this mistake[5] and that he believed his client would have grounds for a successful postconviction motion.
Based on the scoresheet, the trial court sentenced Mr. Aguirre-Garcia to five years’ imprisonment on the offense of stalking, consecutive to concurrent terms of 364 days’ imprisonment for each of the misdemeanors. Thereafter, Mr. Aguirre-Garcia’s attorney filed a motion to withdraw the plea based on the misadvice that he had given his client. Mr. Aguirre-Garcia’s lawyer withdrew, and another lawyer was appointed to represent him.
At the hearing on the motion, Mr. Aguirre-Garcia’s trial attorney testified *208 that he had misadvised his client. Mr. Aguirre-Garcia also testified that he made his plea based on his attorney’s representations. The trial court denied the motion to withdraw from the plea.
When the trial court denied the motion, the First District had not issued Waldrop v. State, 882 So.2d 1047 (Fla. 1st DCA 2004). In Waldrop, the court considered a similar case in which the lawyer had mi-sadvised his client that probation was a possibility when the scoresheet called for a minimum term of incarceration. The First District concluded that this error resulted in a “manifest injustice.” Id. at 1048. We reach the same result in this case.
On remand, the trial court must allow Mr. Aguirre-Garcia to withdraw his plea and proceed to trial on the remaining charges.
Reversed and remanded.
WHATLEY and CANADY, JJ„ Concur.

. See § 784.045(2), Fla. Stat. (2002).

. See § 784.048(4), Fla. Stat. (2002).

. See § 806.13, Fla. Stat. (2002).

. Mr. Aguirre-Garcia had a prior record of five misdemeanors, which created one point on the applicable scoresheet.

.The attorney did not understand how he made this mathematical error, but it appears likely that he assumed the stalking offense was a level 6 offense when it is actually a level 7 offense.