670 So.2d 1133 (1996)
Richard BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00324.
District Court of Appeal of Florida, Second District.
March 29, 1996.
*1134 PER CURIAM.
Richard Bell appeals the summary denial of his motion to correct an illegal sentence. He correctly alleges that an erroneous scoresheet total was used in his sentencing on one count of sexual battery on a mentally deficient person. We reverse and remand for further proceedings consistent with this opinion.
Bell's sentencing guideline scoresheet was incorrectly totaled, giving him 366 points, with a recommended range of twelve to seventeen years and a permitted range of nine to twenty-two years. The total should have been 266 points, which falls into a different cell on the scoresheet. The correct total carries a recommended range of five-and-a-half to seven years and a permitted range of four-and-a-half to nine years. Bell was sentenced to five years imprisonment followed by ten years' probation, a punishment which was actually within the correct guidelines cell.
In its order denying relief, the trial court concluded that the error was harmless because the sentence received is within the correct cell. The trial court offered no record support for the conclusion that the sentencing court would have imposed the same sentence absent the scoresheet error.
However, when a corrected scoresheet places the defendant in a different cell, the error cannot be presumed to be harmless, unless the record conclusively demonstrates that the trial court would have given the same sentence had it known the correct score. Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995).
The trial court must resentence Bell, using a corrected scoresheet.
Reversed and remanded for further proceedings.
FRANK, A.C.J., and PARKER and QUINCE, JJ., concur.