PER CURIAM.
Juan Diaz challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800 wherein he alleged that he was sentenced under an unconstitutional version of the 1995 sentencing guidelines. The trial court denied the motion, finding that Diaz was not prejudiced because the 1994 sentencing guide-fines scoresheet, as calculated by the State, showed the same sentencing range as the 1995 guidelines scoresheet. However, Diaz also alleged that his primary offense at conviction — trafficking in more than fourteen grams of amphetamine but less than twenty-eight grams — was improperly scored as a level 8 rather than a level 7 offense. The trial court failed to address this claim, which is cognizable from the face of the scoresheet and which appears to have merit. See § 921.0012, Fla.Stat. (Supp.1994).[1]
We affirm the order of the trial court as it applies to Diaz’s Heggs claim, but we remand with instructions to the trial court to address Diaz’s claim that the primary offense was improperly scored. On remand, if the trial court determines the claim to be meritorious, it shall recalculate Diaz’s sentencing guidelines range using a scoresheet that was constitutional at the time of the commission of the offense.
Affirmed in part, and remanded for further proceedings.
PATTERSON, C.J., and ALTENBERND and SALCINES, JJ., concur.

. The level of this offense is the same under the 1995 statute and appears to have been improperly scored on the 1995 guidelines scoresheet that is attached to the trial court’s order.