793 So.2d 27 (2001)
David B. VIDAK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4771.
District Court of Appeal of Florida, Second District.
April 4, 2001.
Rehearing Denied May 9, 2001.
*28 FULMER, Judge.
David Vidak appeals the summary denial of his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We remand for reconsideration of the sentence pursuant to Heggs v. State, 759 So.2d 620 (Fla. 2000).
Vidak entered a plea of nolo contendere to armed burglary, four counts of burglary of a dwelling, resisting arrest with violence, grand theft auto, and trespass. The negotiated plea was entered in exchange for a sentence of 200 months in prison with a three-year minimum mandatory. In addition, the State agreed not to seek a habitual offender sentence. During the plea colloquy, the trial court informed Vidak that the armed burglary charge was a first-degree felony punishable by life, the other burglary and the resisting charges were each second-degree felonies punishable by fifteen years, and the grand theft auto charge was a third-degree felony punishable by five years. When imposing sentence, the trial court imposed 200 months on each count, noting that "he scores that" and because the guidelines were higher than the statutory maximum, "it's the guidelines that prevail."
In his motion, Vidak alleged that he was entitled to be resentenced pursuant to Heggs. In its response, the State conceded that Vidak's offenses were committed *29 within the Heggs window period,[1] but asserted that although Vidak "was sentenced under the 1995 guidelines, ... [he] was not sentenced pursuant to said guidelines, but instead agreed to a specific nonhabitual sentence." Thus, the State asserted that Heggs relief was not available.
The trial court agreed with the State's position and concluded that resentencing was not required pursuant to Heggs because Vidak entered into the negotiated plea in order to avoid a lengthier habitual offender sentence. The court attached the plea and sentencing transcript to its order denying relief. No sentencing guidelines scoresheet is in the record.
Because Vidak pleaded to a specific sentence of 200 months, which is within the statutory maximum for the armed burglary count, regardless of the guidelines, the trial court was correct in concluding that the Heggs claim does not afford relief as to that count in a motion filed pursuant to rule 3.800(a). See, e.g., Corp v. State, 698 So.2d 1349 (Fla. 1st DCA 1997) (explaining that because sentence was result of plea agreement to specific sentence, scoresheet error could not be remedied by a rule 3.800(a) claim); Skidmore v. State, 688 So.2d 1014 (Fla. 3d DCA 1997) (sentence for a term of years that was negotiated based on incorrectly calculated scoresheet could not be remedied by a rule 3.800 motion as long as the sentence did not exceed the statutory maximum); see also Mortimer v. State, 770 So.2d 743 (Fla. 4th DCA 2000) (same). Accordingly, we affirm the denial of the motion as to the armed burglary count only.[2]
On the other counts, the 200 months imposed exceed the statutory maximums for the second- and third-degree felony charges. Without reviewing a 1994 guidelines scoresheet, however, this court cannot determine if the 200-month sentence is within the guidelines maximum for those offenses. Vidak may be entitled to a reduction in those sentences to conform to the top of the 1994 guidelines, which would not affect the plea agreement because the 200-month sentence on the armed burglary count would stand.
Accordingly, we remand for the trial court to reconsider the Heggs claim for the second- and third-degree felony charges to ensure that the 200-month sentence imposed in each of those charges is within the 1994 guidelines maximum.
Remanded for reconsideration of sentence in accordance with Heggs.
PATTERSON, C.J., and BLUE, J., concur.
NOTES
[1] The window period is between October 1, 1995 and May 24, 1997. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000).
[2] Although the 200-month sentence for the armed burglary charge is not illegal because it does not exceed the statutory maximum, Vidak may be entitled to pursue Heggs relief by filing a motion, pursuant to Florida Rule of Criminal Procedure 3.850, challenging the voluntary and intelligent nature of the plea where the negotiations were premised upon an incorrect guidelines scoresheet. See Kleppinger v. State, 760 So.2d 1045 (Fla. 2d DCA 2000). In deciding whether to file such a motion, Vidak should be aware that if the motion is granted, the State will have the option of renegotiating the plea or taking the original case to trial. By virtue of the trial court's granting of such a motion, Vidak will lose the benefits of the original plea bargain.