BLUE, Chief Judge.
James William Burney timely appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for resentencing.
Burney committed a robbery in 1971 and received a life sentence under section 813.011, Florida Statutes (1969), which states:
Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.
When Burney was sentenced on a 1987 grand theft, the 1971 robbery was scored as a life felony on the sentencing guidelines. This was error. In order to score prior convictions that occurred when crimes were not classified by degrees, a court must determine the analogous statute by looking, not at the punishment the defendant received, but at the elements of the prior conviction. Harris v. State, 674 So.2d 110, 112-13 (Fla.1966).
The 1969 statute parallels sections 812.13(1) and (2)(c), Florida Statutes (1985):
(1)“Robbery” means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
[[Image here]]
(2)(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree....
Since these statutes are analogous, the 1971 robbery should have been scored as a second-degree felony.
This error placed Burney in a different cell on his sentencing scoresheet. Thus, the error cannot be considered harmless. See Bell v. State, 670 So.2d 1133 (Fla. 2d DCA 1996). Burney must be resentenced using a corrected scoresheet. We reverse and remand for resentencing.
Reversed and remanded.
THREADGILL and GREEN, JJ., Concur;