805 So.2d 92 (2002)
Jose Alexis ROMERO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3634.
District Court of Appeal of Florida, Second District.
January 23, 2002.
SALCINES, Judge.
Jose Alexis Romero challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct errors on the face of the sentencing guidelines scoresheet. We affirm without prejudice to any right Mr. Romero might have to raise the same issue in a timely, facially sufficient motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
Mr. Romero, who pleaded to a five-count information, alleged that an improper number of points were assessed on two of the convictions that were scored as additional offenses on his sentencing guidelines scoresheet. Such a claim is cognizable in a rule 3.800(a) motion. See Diaz v. State, 782 So.2d 460 (Fla. 2d DCA 2001). The trial court denied the motion, finding that Mr. Romero's sentences were "not illegal by definition." In support of its ruling, the trial court cited to Mortimer v. State, 770 So.2d 743, 744 (Fla. 4th DCA 2000), which holds that "when a defendant enters a negotiated plea for a term of years relying on an incorrectly calculated scoresheet, such sentence is not illegal so long as it does not exceed the statutory maximum." This court, citing to Mortimer, held similarly in Vidak v. State, 793 So.2d 27 (Fla. 2d DCA 2001).
In the present case, it is not possible to determine from the record before us whether Mr. Romero entered negotiated pleas to a specific term of years or whether *93 he pleaded open to the trial court in exchange for two of the charges being reduced. However, if Mr. Romero pleaded open to a scoresheet that on its face was incorrectly calculated but the State gave something up in order to induce Mr. Romero to plead, then the State has the option of allowing Mr. Romero to be resentenced under a corrected scoresheet[1] or it may withdraw from the pleas and proceed to trial on the original charges. As this court said in Casey v. State, 788 So.2d 1121, 1122 (Fla. 2d DCA 2001), "Because a plea withdrawal is a potential consequence in such cases and because an evidentiary hearing may be necessary to determine whether the State gave up something in negotiating the plea, this type of claim cannot be adjudicated under rule 3.800. The defendant in such cases should seek relief under rule 3.850." Thus, Mr. Romero's claim cannot be resolved under rule 3.800(a). We therefore affirm the order of the trial court without prejudice to any right Mr. Romero might have to raise his claim of scoresheet error in a timely filed rule 3.850 motion. Our affirmance is also without prejudice to any right Mr. Romero might have to file a timely, facially sufficient rule 3.850 motion seeking to withdraw his pleas on the ground that they were involuntarily entered.
Affirmed.
NORTHCUTT, J., Concurs.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I agree with the court's opinion. I write to question whether scoresheet errors that do not result in illegal sentences should be corrected under Florida Rule of Criminal Procedure 3.800(a).
Mr. Romero was sentenced pursuant to the Criminal Punishment Code to a sentence below the statutory maximum. Thus, his current sentence is legal. Any scoresheet error would affect only the lowest permissible sentence. See § 921.0024, Fla. Stat. (2000). Whether and when a defendant who is sentenced under the Criminal Punishment Code can obtain relief from a scoresheet error under rule 3.800(a) when the sentence is within the statutory maximum is an issue that has yet to be addressed.
Unlike direct appeals in which the State must prove that an error was harmless beyond a reasonable doubt, in postconviction motions the burden is on the defendant to prove harmfulness or prejudice. Prior to the Code, this burden was often easily met because a small scoresheet error could affect the maximum lawful sentence that a judge could impose. At one time, however, such errors were harmful only if the error was sufficient to change the sentencing range to that recommended by a different cell. See, e.g., Bell v. State, 670 So.2d 1133 (Fla. 2d DCA 1996); Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995); Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991). The supreme court's decision in Heggs v. State, 759 So.2d 620 (Fla.2000), which limits relief for a sentence imposed under the unconstitutional 1995 sentencing guidelines to only those cases in which the sentence would have been a departure under the 1994 guidelines, appears to follow this tradition. See also Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001). If this rationale is to be followed in rule 3.800(a) motions alleging facial scoresheet errors under the Criminal *94 Punishment Code, only those defendants whose scoresheets called for a sentence beyond the statutory maximum would be able to make a sufficient claim for relief. Therefore, even in the absence of any plea agreement, I am not convinced Mr. Romero would be entitled to relief pursuant to rule 3.800(a).
NOTES
[1] Mr. Romero would not be entitled to resentencing where the record shows that, had a correct scoresheet been used, he would have received the same sentence. See Collins v. State, 788 So.2d 1109 (Fla. 2d DCA 2001).