KELLY, Judge.
Leslie R. Boye appeals the summary denial of her motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Ms. Boye claimed entitlement to relief under Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm the trial court’s denial of the 3.800(a) motion.
In 1997, Ms. Boye entered a guilty plea to the charge of second-degree murder. The written plea agreement with the State provided that she would be sentenced to thirty years in prison suspended after twenty-five years, with the five-year balance to be served on probation. It also provided that the sentencing guidelines recommendation “will be” applied to the sentence imposed.
Ms. Boye was sentenced under the 1995 guidelines, which were held unconstitutional in Heggs. It is undisputed that Ms. Boye’s prison sentence would be an upward departure under the 1994 guidelines. However, Ms. Boye pleaded to a specific sentence of years, which is within the statutory maximum for second-degree murder regardless of the guidelines. Thus, the trial court concluded that the Heggs claim did not afford relief pursuant to rule 3.800(a) because the sentence is not illegal. See Vidak v. State, 793 So.2d 27, 29 (Fla. 2d DCA 2001).
The State acknowledges that Ms. Boye’s plea agreement reflects that the guidelines recommendation will be applied to her sentence and that she would have a facially sufficient claim for consideration under Florida Rule of Criminal Procedure 3.850. We therefore affirm the trial court’s order without prejudice to Boye’s right to file a rule 3.850 motion within sixty days from the issuance of the mandate in this case if she chooses to do so. See Finan v. State, 787 So.2d 64 (Fla. 2d DCA 2001) (holding that because the time to file a motion pursuant to rule 3.850 expired while appeal was pending, appellant allowed sixty days from issuance of mandate to file facially sufficient motion).
Affirmed.
FULMER and SILBERMAN, JJ„ Concur.