771 So.2d 1187 (2000)
Willie Albert BOOKER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-1314.
District Court of Appeal of Florida, First District.
October 6, 2000.
Rehearing Denied December 11, 2000.
Appellant, pro se.
Robert Butterworth, Attorney General, James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges an order of the trial court summarily denying his motion for postconviction relief in which the appellant sought to withdraw his plea of nolo contendere. We conclude that the appellant's allegations are legally insufficient under the supreme court's ruling in Heggs v. State, 759 So.2d 620 (Fla.2000), and affirm.
According to the appellant's timely sworn 3.850 motion, he pled nolo contendere to second-degree murder in exchange for a sentence capped at the bottom of his 1995 guidelines scoresheet of 234.9 months. The trial court sentenced the appellant to 200 months in prison pursuant to this agreement. The appellant further alleged that his sentence is illegal because the 1995 sentencing guidelines have been declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000). In support, he alleged that his offense was committed on August 17, 1996, which is within the window established in Trapp v. State, 760 So.2d 924 (Fla.2000). He alleged that since his sentence was imposed based on the unconstitutional 1995 scoresheet, he can not be held to his plea agreement where the cap under the 1994 guidelines would have only been 141 months in prison.
The trial court denied the appellant's motion because his sentence could be imposed under the 1994 guidelines without a *1188 departure since the sentencing range would be 141 to 235 months.
Ordinarily, the appellant's allegations of mistake and misinformation would be sufficient to state a prima facie case for relief.
It is a well-established principle of law that a defendant should be allowed to withdraw a plea of guilty where the plea was based upon a misunderstanding or misapprehension of facts considered by the defendant in making the plea.
See Forbert v. State, 437 So.2d 1079, 1081 (Fla.1983); see also e.g., Brown v. State, 245 So.2d 41 (Fla.1971) (holding that a judge should be liberal in the exercise of his discretion to allow withdrawal of a plea where it is shown that the plea was based upon a failure of communication or misunderstanding of the facts); Catinella v. State, 732 So.2d 444 (Fla. 4th DCA 1999), (reiterating that a plea of guilty should be entered voluntarily by one who is competent to know the consequences and should not be induced by fear, misapprehension, undue persuasion, promises, mistake, fraud, inadvertence or ignorance).
However, the supreme court in Heggs narrowed the class of inmates entitled to resentencing by imposing a specific "prejudice" requirement:
[O]nly those persons adversely affected by the amendments made by chapter 95-184 may rely on our decision here to obtain relief. Stated another way, in the sentencing guidelines context, we determine that if a person's sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.
Id. at 627.
In the present case, the appellant's claim to relief clearly rests upon the decision in Heggs. But since the sentence actually imposed, 200 months in prison, could have been imposed under the 1994 sentencing guidelines without a departure, we must conclude that the appellant's allegations are legally insufficient under Heggs to entitle him to relief.
We accordingly affirm the summary denial of the order denying the appellant's motion for postconviction relief.
BARFIELD, C.J., MINER and ALLEN, JJ., CONCUR.