790 So.2d 583 (2001)
Damon Parrish HIPPS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-761.
District Court of Appeal of Florida, First District.
August 1, 2001.
Nancy A. Daniels, Public Defender, Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In this appeal from a final criminal judgment, we affirm the trial court's denial of appellant's motion to correct, filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), for the reason that the negotiated plea was entered based upon a specific term of years (10.9), rather than upon the minimum under the 1995 sentencing guidelines, as appellant alleged in the motion. See Vidak v. State, 793 So.2d 27 (Fla. 2d DCA 2001) (because Vidak pleaded to a specific sentence of 200 months, which was within the statutory maximum *584 for his crime, relief under Heggs v. State, 759 So.2d 620 (Fla.2000), was not available under rule 3.800); Dunenas v. Moore, 762 So.2d 1007 (Fla. 3d DCA 2000) (defendant was not entitled to Heggs relief, because his plea was not conditioned upon the guidelines, but rather to a specific term of years, and the sentence was within the statutory maximum).
This affirmance is without prejudice to appellant's right to seek relief pursuant to Florida Rule of Criminal Procedure 3.850 under the theory that his plea was involuntary. See Jones v. State, 781 So.2d 447 (Fla. 4th DCA 2001). In so saying, we distinguish Booker v. State, 771 So.2d 1187 (Fla. 1st DCA 2000), review granted, SC00-2693, 791 So.2d 1095 (Fla. June 15, 2001), because appellant, who was sentenced within the October 1, 1995 through May 24, 1997, window period, has shown that the sentence he received could not have been imposed under the 1994 sentencing guidelines.
AFFIRMED.
ERVIN, MINER and BROWNING, JJ., CONCUR.