WHATLEY, Acting Chief Judge.
Thomas D. Jolly timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse on the summary denial of his claim that his plea was involuntary after Heggs v. State, 759 So.2d 620 (Fla.2000). We affirm without comment the denial of his other claims.
We note first that the trial court has incorrectly scored Jolly’s primary offense on the 1994 sentencing guidelines. Chapter 95-184, section 14, at 1703, Laws of Florida, amended how attempted crimes are scored on the sentencing guidelines. Heggs ruled that chapter 95-184 was unconstitutional for violating the single subject rule. Thus, Jolly’s primary offense of attempted armed robbery with a firearm should have been scored in accordance with section 777.04, Florida Statutes (1993), making it a level seven offense. It appears that the 1994 sentencing guidelines allowed a sentence of 26.1 to 43.5 months.
Jolly entered a plea to the original charges in 1997. On June 14, 2000, he *970 pleaded to a violation of probation and was sentenced to sixty months under the 1995 sentencing guidelines. Jolly claims that he pleaded specifically because his sentence would be a certain percentage of the maximum under the 1995 sentencing guidelines. He now claims that his plea is involuntary following the decision in Heggs, and he seeks to withdraw his plea or to be resen-tenced pursuant to Heggs. He has made a facially sufficient claim which the trial court has not refuted. See Enchautequi v. State, 782 So.2d 459 (Fla. 2d DCA 2001).
Jolly’s sentence of sixty months could not have been imposed, absent a departure, under the 1994 sentencing guidelines. If his plea was not negotiated, he is entitled to be resentenced. If the plea was negotiated, he must be given the opportunity to withdraw his plea. We reverse and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
GREEN and DAVIS, JJ., Concur.