801 So.2d 153 (2001)
Gregory BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3190.
District Court of Appeal of Florida, First District.
November 27, 2001.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
*154 PER CURIAM.
The appellant challenges the trial court's summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. After receiving a prison sentence pursuant to a plea agreement, the appellant claimed in his motion that he had been sentenced to the low end of the 1995 guidelines. Because the 1995 guidelines were declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000), the appellant sought to be sentenced to the low end of the 1994 guidelines or to withdraw his plea. We affirm the trial court's summary denial of the claim, but we again certify the questions we certified in Regan v. State, 787 So.2d 265 (Fla. 1st DCA 2001).
Although the appellant has standing to raise this Heggs claim, see Trapp v. State, 760 So.2d 924 (Fla.2000), he is not entitled to be resentenced because his sentence was imposed pursuant to a negotiated term of years, and not pursuant to the guidelines. See Hipps v. State, 790 So.2d 583 (Fla. 1st DCA 2001). His claim for resentencing also fails because the sentence he received could have been imposed under the 1994 guidelines. See Heggs v. State, 759 So.2d at 627.
Because the appellant's sentence could have been imposed under the 1994 guidelines, his claim that he is entitled to withdraw his plea also fails. See Booker v. State, 771 So.2d 1187 (Fla. 1st DCA 2000), rev. granted, 791 So.2d 1095 (Fla. June 15, 2001).
Even if the appellant's claims had merit, his motion was untimely under our decision in Regan. Because the supreme court's review in Booker might lead to a decision recognizing the viability of a claim to withdraw a plea in the circumstances presented in Booker and in the present case, and recognizing the likelihood that the appellant will seek supreme court review challenging our decisions in Booker and Regan, we certify to the supreme court the same questions certified in Regan as questions of great public importance:
WHETHER THE CHANGE OF LAW CREATED BY THE HEGGS DECISION SHOULD BE DEEMED A "NEWLY DISCOVERED FACT" AS CONTEMPLATED BY RULE 3.850(B)(1), WHEREBY AN APPELLANT MAY RAISE A HEGGS BASED CLAIM FOR POSTCONVICTION RELIEF MORE THAN TWO YEARS AFTER THE APPELLANT'S JUDGMENT AND CONVICTION BECAME FINAL?
WHETHER THE CHANGE OF LAW CREATED BY THE HEGGS DECISION SHOULD BE DEEMED TO APPLY RETROACTIVELY, SUCH THAT AN APPELLANT MAY RAISE A HEGGS BASED CLAIM FOR POSTCONVICTION RELIEF MORE THAN TWO YEARS AFTER THE APPELLANT'S JUDGMENT AND CONVICTION BECOME FINAL?
The order under review is affirmed.
ALLEN, C.J., MINER and DAVIS, JJ., CONCUR.