829 So.2d 364 (2002)
Ian E. RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2591.
District Court of Appeal of Florida, First District.
November 1, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant timely challenges the denial of his motion brought pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged that the trial court erred in imposing his sentence and that counsel provided ineffective assistance in four ways. Only his claim that his counsel was ineffective for failing to object to the prosecutor's use of a 1995 scoresheet appears to have merit. As to that claim, we reverse.
The appellant alleged that his counsel was ineffective in allowing him to be sentenced upon violation of probation to a *365 sentence imposed pursuant to the 1995 guidelines, which had been declared unconstitutional three months earlier in Heggs v. State, 759 So.2d 620 (Fla.2000). Although the appellant pled to the violation of probation, the record does not reveal that his sentence was negotiated. See Hipps v. State, 790 So.2d 583 (Fla. 1st DCA 2001). The appellant has properly alleged that he has standing to seek relief pursuant to Heggs and that the sentence imposed could not have been imposed under the 1994 guidelines without a departure. See Trapp v. State, 760 So.2d 924 (Fla.2000); Heggs, 759 So.2d at 629. He further alleged that he would not have entered his plea had he known of the scoresheet errors. See Brazeail v. State, 821 So.2d 364 (Fla. 1st DCA 2002). We conclude that these allegations are sufficient to warrant relief. See and compare Booker v. State, 771 So.2d 1187 (Fla. 1st DCA 2000).
We according reverse the summary denial of this claim and remand to the trial court for further proceedings. Should the trial court be unable to support its summary denial with record attachments conclusively establishing that the appellant is entitled to no relief, the court is directed to hold an evidentiary hearing to determine the merits of the appellant's claim and the appropriate relief. If the appellant entered a straight up plea to the violation of probation, he is entitled to be resentenced under the 1994 guidelines; if the appellant's sentence was negotiated, he is entitled to withdraw his plea. See Jolly v. State, 805 So.2d 969 (Fla. 2d DCA 2001).
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
BARFIELD, MINER and POLSTON, JJ., concur.