929 So.2d 685 (2006)
Roy L. BUSH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-2852.
District Court of Appeal of Florida, First District.
May 22, 2006.
*686 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Roy L. Bush seeks review of the judgment revoking his probation, and the resulting sentence. He alleges that the State did not demonstrate his violation to be willful and substantial, that he should have been sentenced under the 1994 sentencing guidelines rather than the 1995 guidelines, that the trial court erred in basing the departure sentence on the facts of the violation, and that he should not have been assessed victim injury points for sexual penetration. For the reasons stated below, we affirm the revocation, but reverse the sentence and remand for resentencing.
Bush was originally convicted of committing a lewd and lascivious act on a child and placed on probation; one of the conditions of his probation was that he not possess pornographic materials. Without further discussion, we hold that the trial court did not abuse its discretion in revoking Appellant's probation because the record contains sufficient facts from which the trial court could have inferred Bush's knowledge of the materials' presence. Cf. Chicone v. State, 684 So.2d 736, 740-41 (Fla.1996) (holding that possession as a criminal offense includes knowledge of the contraband).
However, we agree with Bush (and the State concedes) that, under Heggs v. State, 759 So.2d 620 (Fla.2000), Appellant is entitled to be resentenced under the 1994 sentencing guidelines. See Richardson v. State, 829 So.2d 364 (Fla. 1st DCA 2002). We also agree with Bush that the trial court's stated basis for the departure *687 sentence, that "the violation involves obscene or pornographic materials which was a special condition of your probation," is impermissible because factors related to a probation violation cannot be used to support a departure sentence; accordingly, the trial court reversibly erred by basing his departure sentence on such factor. See Lambert v. State, 545 So.2d 838, 842 (Fla.1989), cited in Vann v. State, 801 So.2d 326, 326 (Fla. 1st DCA 2001).
The issue concerning victim injury points is moot in light of the need for resentencing.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
WOLF and WEBSTER, JJ., concur.